# Supreme Court of Florida

No. SC2025-1040

**IN RE: AMENDMENTS TO FLORIDA PROBATE RULES –
2025 LEGISLATION.**

August 28, 2025

PER CURIAM.

In response to recent legislation, The Florida Bar's Probate Rules Committee has filed a "fast-track" report proposing an amendment to Florida Probate Rule 5.920 (Forms Related to Injunction for Protection Against Exploitation of a Vulnerable Adult).[1]  The amendments reflect changes to section 825.1035, Florida Statutes, which went into effect on July 1, 2025.  *See* ch. 2025-158, § 1, Laws of Fla.

The Committee unanimously voted to approve the amendments.  After considering the Committee's proposal and the

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(e).

relevant legislation, we amend rule 5.920 as proposed by the Committee.  The more significant amendments are discussed below.

Section 825.1035 was amended by chapter 2025-158, section 1, Laws of Florida, to create a process for substitute service on unascertainable respondents.  As defined by the session law, "unascertainable respondent" "means a person whose identity cannot be ascertained or whose identity is unknown, and who has communicated with the vulnerable adult through any means that make tracing the person's identity impractical."  Thus, we amend subdivisions (b) and (d) of rule 5.920 to add that an order or injunction may be provided to a respondent "by substitute service under section 825.1035, Florida Statutes."  Also, we amend the certificate of service in subdivision (c) to reflect that the respondent may be served "by substitute service under section 825.1035, Florida Statutes."

Accordingly, the Florida Probate Rules are amended as reflected in the appendix to this opinion.  New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall take effect immediately upon the release of this opinion.  Because the amendments were not published for

comment prior to their adoption, interested persons have 75 days from the date of this opinion in which to file comments with the Court.[2]

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Probate Rules

---

2. All comments must be filed with the Court on or before November 12, 2025, with a certificate of service verifying that a copy has been served on the Committee Chair, Michael Alan Sneeringer, Brennan, Manna & Diamond, 9240 Bonita Beach Rd SE, Bldg. C, Bonita Springs, Florida, 34135-4249, masneeringer@bmdllc.com, and on the Bar Staff Liaison to the Committee, Heather Savage Telfer, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, rules@floridabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until December 3, 2025, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927.

Michael A. Sneeringer, Chair, Probate Rules Committee, Bonita Springs, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

## RULE 5.920.  FORMS RELATED TO INJUNCTION FOR PROTECTION AGAINST EXPLOITATION OF A VULNERABLE ADULT

**(a)  Petition for Injunction.** Petitioners should take steps to protect confidential information within the petition for injunction under Florida Rule of General Practice and Judicial Administration 2.420 and minimize sensitive information within the petition for injunction under Florida Rule of General Practice and Judicial Administration 2.425.

~~IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT, IN AND FOR _____ COUNTY, FLORIDA~~

In the Circuit Court of the _____ Judicial Circuit, in and for _____ County, Florida

Case No.: _____
**ADVERSARY PROCEEDING**

In re: Protection of

_____
Vulnerable Adult

~~Case No.: _____~~

~~**Adversary Proceeding**~~

_____,
Petitioner,

and

_____,
Respondent.

**PETITION FOR INJUNCTION FOR PROTECTION AGAINST EXPLOITATION OF A VULNERABLE ADULT UNDER SECTION 825.1035, FLORIDA STATUTES**

Before me, the undersigned authority, personally appeared petitioner _____ _____ who has been sworn and says that the following statements are true:

1.      The vulnerable adult, _____, whose age is ___, who resides at (address): _____

2.      Section 825.101, Florida Statutes, provides that a vulnerable adult is a person whose ability to perform the normal activities of daily living or to provide for the vulnerable adult's own care or protection is impaired due to a mental, emotional, sensory, long-term physical, or developmental disability or dysfunction, or brain damage, or the infirmities of aging. Please describe the vulnerable adult's inability to perform the normal activities of daily living._____
_____
_____
_____

3.      The petitioner's relationship to the vulnerable adult is: _____, and the petitioner has the right to bring the petition because: _____
_____
_____

4.      The respondent, _____, resides at (last known address): _____

5.      The respondent's last known place of employment is: _____
_____

6.      The physical description of the respondent is:

Race: _____        Sex: _____        Date of Birth: _____

Height: _____        Weight: _____        Eye Color: _____

Hair Color: _____        Distinguishing Marks/Scars: _____

7.      Aliases of the respondent are: _____

8.      The respondent is associated with the vulnerable adult as follows: _
_____
_____

9.      The following describes other causes of action:

(a)      _____ there is/are 1 or more cause(s) of action currently pending between the petitioner and the respondent, and/or a proceeding under the Florida Guardianship Code, chapter 744, Florida

Statutes, concerning the vulnerable adult. Describe causes of action here:_____

_____

        (b)     Related case numbers and county where filed, if available: __

_____

        (c)    _____ there are previous or pending attempts by the petitioner to obtain an injunction for protection against exploitation of the vulnerable adult in this or any other circuit. Describe attempts here:_____

_____

        (d)     The results of any such attempts: _____

_____

    10.    The following describes the petitioner's knowledge of:

        (a)     Any reports made to a government agency, such as the Department of Elder Affairs or the Department of Children and Families: _____

_____

_____

        (b)     Any investigations performed by a government agency relating to abuse, neglect, or exploitation of the vulnerable adult:_____

_____

_____

   and

        (c)     The results of any such reports or investigations: _____

_____

_____

_____

    11.    The petitioner knows or has reasonable cause to believe the vulnerable adult is either a victim of exploitation or is in imminent danger of becoming a victim of exploitation, because the respondent (include a description of any incidents or threats of exploitation by the respondent here):_

_____

_____

_____

_____

_____

_____

    12.    The following describes:

(a) The petitioner's knowledge of the vulnerable adult's dependence on the respondent for care: _____

_____

(b) Alternative provisions for the vulnerable adult's care in the absence of the respondent, if necessary: _____

(c) Available resources the vulnerable adult has for such alternative provisions:_____
_____; and

(d) The vulnerable adult's willingness to use such alternative provisions: _____

_____

_____

_____

13. The petitioner knows the vulnerable adult maintains assets, accounts, or lines of credit at the following institutions:

| Institution | Address | Account Number |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

14. If petitioner is seeking to freeze assets of the vulnerable adult, petitioner believes that the vulnerable adult's assets to be frozen are (check 1):

_____ Worth less than $1,500

_____ Worth from $1,500 to $5,000

_____ Worth more than $5,000

15. The petitioner genuinely fears imminent exploitation of the vulnerable adult by the respondent.

16. The petitioner seeks an injunction for the protection of the vulnerable adult, including (mark appropriate section or sections):

_____ Prohibiting the respondent from having any direct or indirect contact with the vulnerable adult.

_____ Immediately restraining the respondent from committing any acts of exploitation against the vulnerable adult.

_____ Freezing the below assets, accounts, and lines of credit of the vulnerable adult, listed below even if titled jointly with the respondent, or in the respondent's name only, in the court's discretion.

| Institution | Address | Account Number |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

_____ Providing any terms the court deems necessary for the protection of the vulnerable adult or the vulnerable adult's assets, including any injunctions or directives to law enforcement agencies, including: _____

_____

_____

17. If the court enters an injunction freezing assets, accounts, and credit lines:

(a) the petitioner believes that the critical expenses of the vulnerable adult will be paid for or provided by the following persons or entities: _____

_____

_____

OR

(b)     The petitioner requests that the following expenses be paid notwithstanding the freezing of assets, accounts, or lines of credit from the following institution(s): _____

_____

_____

_____

I ACKNOWLEDGE THAT UNDER SECTION 415.1034, FLORIDA STATUTES, ANY PERSON WHO KNOWS, OR HAS REASONABLE CAUSE TO SUSPECT, THAT A VULNERABLE ADULT HAS BEEN OR IS BEING ABUSED, NEGLECTED, OR EXPLOITED HAS A DUTY TO IMMEDIATELY REPORT SUCH KNOWLEDGE OR SUSPICION TO THE CENTRAL ABUSE HOTLINE. I HAVE REPORTED THE ALLEGATIONS IN THIS PETITION TO THE CENTRAL ABUSE HOTLINE.

I HAVE READ EACH STATEMENT MADE IN THIS PETITION AND EACH SUCH STATEMENT IS TRUE AND CORRECT. I UNDERSTAND THAT THE STATEMENTS MADE IN THIS PETITION ARE BEING MADE UNDER PENALTY OF PERJURY PUNISHABLE AS PROVIDED IN SECTION 837.02, FLORIDA STATUTES.

_____
Signature of Party
Printed Name: _____
Address: _____
City, State, Zip: _____
Telephone Number: _____
Designated E-mail Address(es): _____

_____

STATE OF FLORIDA

COUNTY OF _____

Sworn to or affirmed and signed before me on .....(date)......

_____
Printed Name

_____
Notary Public or Deputy Clerk

_____ Personally known or      _____ Produced identification

Type of identification produced: _____

**(b) Temporary Protective Injunction Against Exploitation of a Vulnerable Adult.**

~~IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT, IN AND FOR _____ COUNTY, FLORIDA~~

In the Circuit Court of the
_____ Judicial
Circuit,
in and for _____
County, Florida

Case No.: _____

In re:

~~Case No.: _____~~

_____
Vulnerable Adult

_____,
Petitioner,

and

_____,
Respondent.

**TEMPORARY PROTECTIVE INJUNCTION AGAINST
EXPLOITATION OF A VULNERABLE ADULT AND NOTICE OF
HEARING**

This cause came before the court, which has jurisdiction over the parties and subject matter under state law. The court having reviewed the petition and affidavits and considered argument of counsel, finds as follows:

1. _____ Reasonable notice and opportunity to be heard was given to the respondent in a manner sufficient to protect ~~his or her~~the respondent's due process rights. Date of service _____

OR

2. _____ The court conducted its review ex parte.

3. An immediate and present danger of exploitation of the vulnerable adult exists.

- 11 -

4. There is a likelihood of irreparable harm and unavailability of an adequate legal remedy.

5. There is a substantial likelihood of success on the merits.

6. The threatened injury to the vulnerable adult outweighs possible harm to the respondent.

7. Granting a temporary injunction will not disserve the public interest.

8. This injunction provides for the vulnerable adult's physical or financial safety.

9. These findings were based on the following facts: _____

_____

_____

_____

Accordingly, it is hereby ADJUDGED that:

The petitioner's request for a temporary protective injunction is GRANTED. This injunction is valid for 15 days from the date of this order or ___ _____. The full hearing is set for .....(date)....., at .....(time)...... The hearing will be held before the Honorable _____ at _____, Florida.

It is further ordered that:

_____ The respondent ~~shall~~must not commit any act of exploitation against the vulnerable adult.

_____ The respondent will have no contact with vulnerable adult.

_____ The vulnerable adult is awarded temporarily exclusive use and possession of any dwelling the vulnerable adult shares with the respondent.

_____ The respondent is barred from entering the residence of the vulnerable adult.

_____ The vulnerable adult's assets, accounts, and credit lines are hereby frozen until further court order except: _____

_____

_____

_____ Institution(s) served on .....(date)......

_____ The following institution(s) _____ holding the vulnerable adult's assets must use the vulnerable adult's unencumbered assets to pay the clerk of court the following filing fee:

_____ $75.00 (if assets are between $1,500–$5,000)

OR

_____ $200.00 (if assets are more than $5,000).

If the court enters an injunction, these fees will be taxed as costs against the respondent.

Law enforcement is hereby directed to: _____

_____

_____

Other relief: _____

_____

_____

This injunction is valid and enforceable in all Florida counties, does not affect title to real property, and law enforcement may use their section 901.15(6), Florida Statutes, arrest powers to enforce its terms.

DONE and ORDERED on .....(date)..... at .....(time)......

_____
Judge

CC: All parties and counsel of record

COPIES TO: (Check those that apply)

Petitioner:

_____ by U.S. Mail

_____ by hand delivery in open court (Petitioner must acknowledge receipt in writing on the original order—see below.)

Vulnerable Adult (if not petitioner)

_____ by U.S. Mail

_____ by hand delivery in open court

Respondent:

_____		forwarded to Sheriff for service

_____		by U.S. Mail

_____		by hand delivery in open court (Respondent must acknowledge receipt in writing on the original order—see below.)

_____		by certified mail (May only be used when respondent is present at the hearing and respondent fails or refuses to acknowledge the receipt of a certified copy of this injunction.)

_____		by substitute service under section 825.1035, Florida Statutes

_____Other: _____

Petitioner's Attorney: _____ by e-mail

Respondent's Attorney: _____ by e-mail

		I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the clerk of the circuit court of _____ County, Florida, and that I have furnished copies of this order as indicated above on .....(date)......

CLERK OF THE CIRCUIT COURT

By: _____
		Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

## (c)   Order Denying Injunction and Notice of Hearing.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

In the Circuit Court of the
_____ Judicial
Circuit,
in and for _____
County, Florida

Case No.: _____

In re:

Case No.: _____

_____
Vulnerable Adult
_____,
Petitioner,

and

_____,
Respondent.

**ORDER DENYING REQUEST FOR TEMPORARY INJUNCTION
AND SETTING HEARING ON PETITION FOR INJUNCTION FOR
PROTECTION AGAINST EXPLOITATION OF A VULNERABLE
ADULT**

A petition for injunction for protection against exploitation of a vulnerable adult has been reviewed. This court has jurisdiction over the parties and of the subject matter. Based upon the facts stated in the petition, the court finds:

The facts supporting the denial of the request for an ex parte injunction are: _____
_____
_____
_____
_____
_____

The court finds that based on the facts, as stated in the petition alone and without a hearing in the matter, there is no appearance of an immediate and present danger of exploitation of a vulnerable adult.

- 15 -

IT IS THEREFORE ORDERED:

The request for a temporary injunction for protection against exploitation of a vulnerable adult is **denied**. A hearing is scheduled on the petition for injunction for protection against exploitation of a vulnerable adult. The petitioner has the right to promptly amend any petition consistent with court rules.

NOTICE OF HEARING

A hearing is scheduled regarding this matter on .....(date)....., at .....(time)....., when the court will fully hear the allegations in the petition for injunction for protection against exploitation of a vulnerable adult. The hearing will be before The Honorable .....(name)....., at the following .....(address)....., Florida. All witnesses and evidence, if any, must be presented at this time.

**IF EITHER PETITIONER OR RESPONDENT DO NOT APPEAR AT THE FINAL HEARING, THE PETITIONER OR RESPONDENT WILL BE BOUND BY THE TERMS OF ANY INJUNCTION OR ORDER ISSUED IN THIS MATTER.**

Nothing in this order limits petitioner's rights to dismiss the petition.

DONE AND ORDERED in, _____ Florida, on .....(date)......

_____
JUDGE

COPIES TO:

Sheriff of _____ County

CERTIFICATE OF SERVICE:

Petitioner: _____ by U.S. Mail _____ by e-mail to designated e-mail address(es)

Respondent will be served by sheriff, or by substitute service under section 825.1035, Florida Statutes.

Vulnerable Adult will be served by sheriff.

The financial institution will be served by sheriff. (If any assets, accounts, or lines of credit are requested to be frozen, insert names of the financial institutions.)

- 16 -

I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the clerk of the circuit court of _____ County, Florida, and that I have furnished copies of this order as indicated above.

CLERK OF THE CIRCUIT COURT

(SEAL)

By: _____
Deputy Clerk or Judicial Assistant

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

## (d)    Final Protective Injunction.

IN THE CIRCUIT COURT OF THE _____ JUDICIAL CIRCUIT,
IN AND FOR _____ COUNTY, FLORIDA

In the Circuit Court of the
_____ Judicial
Circuit,
in and for _____
County, Florida

Case No.: _____

In re:

Case No.: _____

_____
Vulnerable Adult

_____,
Petitioner,

and

_____,
Respondent.

### PERMANENT INJUNCTION FOR PROTECTION AGAINST EXPLOITATION OF A VULNERABLE ADULT

This cause came before the court, which has jurisdiction over the parties and subject matter under state law. The court having reviewed the petition and affidavits and considered the testimony presented and argument of counsel, finds as follows:

1.    Reasonable notice and opportunity to be heard was given to the respondent in a manner sufficient to protect the respondent's due process rights. Respondent was served with the petition for injunction, notice of hearing, and temporary protective injunction, if issued.

2.    A hearing was held on .....(date)......

3.    The vulnerable adult is a victim of exploitation or in imminent danger of becoming an exploitation victim.

4.    There is a likelihood of irreparable harm and unavailability of an adequate legal remedy.

5. The threatened injury to the vulnerable adult outweighs possible harm to the respondent.

6. With regard to freezing the respondent's assets, accounts, and lines of credit that were the proceeds of exploitation, there is probable cause that exploitation has occurred and a substantial likelihood that such assets, accounts, and lines of credit will be returned to the vulnerable adult.

7. This injunction provides for the vulnerable adult's physical or financial safety.

8. These findings were based on the following facts: _____

Accordingly, it is hereby ADJUDGED that:

The petitioner's request for a protective injunction is GRANTED. This injunction remains in effect until it has been modified or dissolved, and it is further ordered that:

_____ The respondent must not commit any acts of exploitation against, or have any direct or indirect contact with, the vulnerable adult.

_____ The vulnerable adult is awarded exclusive use and possession of any dwelling the vulnerable adult shares with the respondent.

_____ The respondent is excluded from the residence of the vulnerable adult.

_____ The respondent must, at the respondent's own expense, participate in all relevant treatment, intervention, or counseling services to be paid for by the respondent.

_____ Unless ownership is unclear, any temporarily frozen assets, accounts, and credit lines of the vulnerable adult are to be returned to the vulnerable adult.

If not already paid under the order granting temporary protective injunction against exploitation of a vulnerable adult, a final cost judgment is hereby entered against respondent and in favor of the clerk of courts in the amount of (check 1):

_____ $75.00 (if assets are between $1,500–$5,000)

OR

_____        $200.00 (if assets are more than $5,000).

All for which let execution issue forthwith.

If the amount set forth above has already been paid to the clerk of courts, a final cost judgment is hereby entered against respondent and in favor of the vulnerable adult in the amount set forth above, all for which let execution issue forthwith.

Any other costs associated with this judgment, including filing fees and service charges, are to be paid by the respondent.

Other: _____

_____

_____

_____

_____

_____

_____

This injunction is valid and enforceable in all Florida counties, does not affect title to real property, and law enforcement may use section 901.15(6), Florida Statutes, arrest powers to enforce its terms.

DONE and ORDERED on .....(date)......


_____
Judge

CC: All parties and counsel of record

COPIES TO: (Check those that apply)

Petitioner:

_____        by U.S. Mail

_____        by hand delivery in open court (Petitioner must acknowledge receipt in writing on the original order—see below.)

Vulnerable Adult (if not petitioner)

_____        by U.S. Mail

_____        by hand delivery in open court

Respondent:

_____ forwarded to Sheriff for service

_____ by U.S. Mail

_____ by hand delivery in open court (Respondent must acknowledge receipt in writing on the original order—see below.)

_____ by certified mail (May only be used when respondent is present at the hearing and respondent fails or refuses to acknowledge the receipt of a certified copy of this injunction.)

_____ by substitute service under section 825.1035, Florida Statutes

_____ Department of Agriculture and Consumer Services

_____ Other: _____

Petitioner's Attorney: _____ by e-mail

Respondent's Attorney: _____ by e-mail

I CERTIFY the foregoing is a true copy of the original as it appears on file in the office of the clerk of the circuit court of _____ County, Florida, and that I have furnished copies of this order as indicated above on .....(date)......

CLERK OF THE CIRCUIT COURT

By: _____